IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WAYNE VERHAGEN,

        Plaintiff,

vs.

PETSMART, INC.,

        Defendant.

Case No. 12-cv-659-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the parties' joint motion to remand to state court. (Doc. 9). Specifically, the parties ask this Court to remand to state court based on their consent and a post-removal affidavit signed by plaintiff in which he agrees to limit damages to less than the jurisdictional threshold of $75,000.

    In removal cases based on diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993); *see* 16 James Wm. Moore, Moore's Federal Practice § 107.14[2][g][ii] (3d ed.). The proponent of federal jurisdiction must show by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id*. "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). Further, a plaintiff cannot defeat federal jurisdiction after removal by an affidavit limiting damages below the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

In defendant's notice of removal (Doc. 2), it contends the amount claimed by plaintiff exceeds the jurisdictional amount of $75,000.  The defendant does not claim that recovery exceeding $75,000 was legally impossible at the time of removal.  Rather, defendant and plaintiff seek to remand this matter to state court based on plaintiff's post-removal affidavit.[1]  However, the relevant amount in controversy was the amount at the time of removal, which defendant in good-faith estimated to be in excess of $75,000 in its notice of removal (Doc. 2). Plaintiff cannot defeat jurisdiction by filing an affidavit limiting his damages to below the jurisdiction threshold.

Accordingly, the Court **DENIES** the parties' joint motion to remand to state court.  (Doc. 9).

**IT IS SO ORDERED**
**DATED: August 2, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] The Court notes that the referenced affidavit was never filed.